NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAQUEL STOCKDALE,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.    22-16626

D.C. No. 2:21-cv-00504-KJN

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Chief Magistrate Judge, Presiding

Submitted November 13, 2023**
San Jose, California

Before:  GRABER, PAEZ, and FRIEDLAND, Circuit Judges.

Claimant Raquel Stockdale timely appeals the district court's order affirming

an administrative law judge's ("ALJ") decision denying social security disability

insurance benefits.  We review de novo the district court's ruling and may set aside

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

the ALJ's denial of benefits only for legal error or lack of substantial evidence. Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017).  We affirm.

1.  The ALJ permissibly weighed the medical opinions in the record. Claimant filed her disability claim before revised rules governing the weighing of medical opinion evidence took effect.  20 C.F.R. § 404.1527.  Accordingly, if the opinion of a treating or examining doctor is contradicted by another doctor's opinion, the ALJ could reject it only "by providing specific and legitimate reasons that are supported by substantial evidence."  Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citation and internal quotation marks omitted).

a.  The ALJ appropriately assigned little weight to the opinion of treating physician Dr. Anita Heart.  Other non-treating physicians contradicted Dr. Heart's check-box assessment that Claimant faced severe physical and mental limitations during a typical eight-hour workday.  The ALJ properly provided specific and legitimate reasons for discounting Dr. Heart's opinion, and substantial evidence supported those reasons.

First, the ALJ reasonably concluded that Claimant's reported activities of daily living were inconsistent with Dr. Heart's assessment.  Although Claimant cites portions of the record showing that she struggled with certain tasks, the record also shows that she fed and bathed her pets, performed a variety of household chores, and conducted online job searches.  See Ford v. Saul, 950 F.3d

2

1141, 1155 (9th Cir. 2020) (holding that "[a] conflict between a treating physician's opinion and a claimant's activity level is a specific and legitimate reason for rejecting the opinion" (citing Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001))).

Second, the ALJ reasonably concluded that no evidence supported Dr. Heart's opinion regarding Claimant's limited ability to sit, stand, walk, or move her head.  Although Claimant was treated for back and neck pain, her symptoms improved with treatment, and the treatment notes are not consistent with the extent of Dr. Heart's proposed limitations.

Third, the ALJ reasonably concluded that the medical evidence did not support Dr. Heart's assessment that Claimant's physical and mental limitations would result in Claimant's missing more than four days of work per month.  The ALJ permissibly noted inconsistencies between Claimant's complaints of mental limitations and the objective evidence, such as treatment notes from Claimant's mental status examinations reporting normal mood and behavior.  See Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that an ALJ may reject a treating physician's opinion that is inconsistent with medical records).  The ALJ also relied on evidence in the record showing that Claimant's prescribed treatment adequately managed symptoms from irritable bowel syndrome and anemia.

3

b. The ALJ properly assigned partial weight to the opinions of non-examining medical consultants Dr. Paula Kresser and Dr. C. W. Kang. Dr. Malancharuvil's testimony contradicted those opinions as to Claimant's ability to maintain a schedule and regular attendance, and the objective medical evidence in the record supported the ALJ's conclusion that Claimant would otherwise have greater mental limitations than Dr. Kresser and Dr. Kang found.

2. The ALJ's residual functional capacity ("RFC") finding is supported by substantial evidence, and properly incorporated mild to moderate mental limitations, as well as certain physical limitations. The ALJ's conclusion that Claimant could perform "semi-skilled routine work" is not inconsistent with those limitations.

3. Substantial evidence supports the ALJ's determination at step four that Claimant could perform her past relevant work. The vocational expert testified that an individual with the same limitations as in Claimant's RFC could work as an outpatient admitting clerk and as an insurance clerk.

4. Finally, Claimant argues that substantial evidence does not support the ALJ's alternate step-five finding. But that argument assumes that the ALJ erred in concluding at step four that Claimant could perform her past relevant work. As explained above, the ALJ did not err at step four.

**AFFIRMED.**